**STATE of Missouri,
Plaintiff/Respondent,**

v.

**Steve CARTER, Defendant/Appellant.**

No. 54248.

Missouri Court of Appeals,
Eastern District,
Division One.

April 23, 1991.

RSMo 1986, and stealing over $150, § 570.030 RSMo 1986. The trial court sentenced defendant as a prior and persistent offender to twelve years imprisonment for the burglary conviction and to a concurrent term of five years imprisonment for the stealing conviction. Defendant appeals his convictions and sentences claiming the trial court abused its discretion in overruling defendant's challenge for cause of venireman Slaten.[1] Defendant alleges the court's failure to strike the challenged venireman deprived defendant of his right to a panel of qualified jurors from which to make his peremptory challenges. We affirm.

The pertinent portions of the voir dire examination of venireman Slaten are as follows:

> (Counsel approached the bench and following proceedings were had.)
>
> VENIREMAN SLATEN: I think I should tell you I served on the mayor's Crime Commission by appointment.
>
> THE COURT: That's a very good point.
>
> VENIREMAN SLATEN: And I have met George Peach in two or three meetings.
>
> THE COURT: Sure you have. You work with Susan Heart [sic], I guess?
>
> VENIREMAN SLATEN: Oh, Yeah.
>
>    *    *    *    *    *    *
>
> MR. JAMIESON [for the state]: How do you feel about being able to be fair and impartial on a case that involves a crime of burglary knowing that you worked on the mayor's Crime Commission? Could you give both sides a fair trial in this case?
>
> VENIREMAN SLATEN: I think I could.
>
> MR. JAMIESON: Unfortunately for reasons that I really can't tell you about, I can't have an answer I think I could ... So let me ask you again ... Could you be fair and impartial to both sides in this criminal case? Could you give the State

Melinda K. Pendergraph, St. Louis, for defendant/appellant.

William L. Webster, Atty. Gen., Geoffrey W. Preckshot, Asst. Atty. Gen., Jefferson City, for plaintiff/respondent.

KAROHL, Judge.

A jury convicted defendant Steve Carter of burglary in the second degree, § 569.170

---

1. A comment by Holstein, J., in *State v. Walton,* 796 S.W.2d 374, 379 (Mo. banc 1990) on this issue is pertinent because no appeal would have been expected except for this ruling.

and [defendant] a fair trial if you were selected as a juror?

VENIREMAN SLATEN: Yes, I could.

\* \* \* \* \* \*

VENIREMAN SLATEN: I think I should tell you, too, that I'm president of the Federation of Block Units.

THE COURT: And isn't it true that the principal purpose of block units is to fight crime through the participation of the people?

VENIREMAN SLATEN: Right. People involvement.

THE COURT: Okay. How long ago was it that you were on the Crime Commission?

VENIREMAN SLATEN: I'm on it now.

\* \* \* \* \* \*

VENIREMAN SLATEN: Been on it for about five years.

\* \* \* \* \* \*

MISS KRAFT [for the defendant]: What type of duties did you have on the Crime Commission? You personally.

VENIREMAN SLATEN: Duties? No duties. We just meet.

MISS KRAFT: Okay. You met and talked about ways to handle the crime rate in St. Louis, is that correct?

VENIREMAN SLATEN: Un-huh.

\* \* \* \* \* \*

MISS KRAFT: How long have you been president of the Federation of Block Units?

VENIREMAN SLATEN: Nine years, eight years.

\* \* \* \* \* \*

MISS KRAFT: One of the prime considerations of people involved in block unit organizations is to prevent home burglaries, is that correct?

VENIREMAN SLATEN: Again, being concerned about one another.

MISS KRAFT: And do you feel in your mind that it's possible for you to hear that someone is accused of breaking into someone's home and consider the possibility that that person may be not guilty?

VENIREMAN SLATEN: Oh, yes.

MISS KRAFT: You feel that you're able to do that?

VENIREMAN SLATEN: Un-huh.

MISS KRAFT: You feel you could listen to the evidence in a particular case and make that decision?

VENIREMAN SLATEN: Yes.

\* \* \* \* \* \*

MR. JAMIESON: ... You said that you met with Mr. Peach on a couple of occasions, is that correct?

VENIREMAN SLATEN: Yes, at the Crime Commission meetings.

MR. JAMIESON: Is there anything about those meetings with him that would affect your ability to be fair and impartial in this case?

VENIREMAN SLATEN: No.

\* \* \* \* \* \*

MISS KRAFT: ... I'll move to strike him for cause in that his involvement in this particular organization, the Crime Commission and the block units, I think it would be very difficult for him to be fair and impartial in the case of a home burglary.

\* \* \* \* \* \*

THE COURT: ... Slaten. I'll tell you how I feel about him. His answers were absolutely clear and unequivocal that he could be fair, and balancing the equities I cannot see striking him for cause simply by the reason of the fact that he was on the Crime Commission....

\* \* \* \* \* \*

THE COURT: I don't think I can sit here and simply rule that because he's presently on the Block Watchers Organization or Crime Commission necessarily disqualifies him in spite of what he says.

Therefore, I'm overruling the defendant's motion to strike Slaten.

On appeal defendant alleges the court erred in not striking venireman Slaten for cause because:

SLATEN WAS AN APPOINTED MEMBER OF THE MAYOR'S CRIME

COMMISSION, HAD MET WITH CIRCUIT ATTORNEY GEORGE PEACH ON SEVERAL OCCASIONS, AND WAS PRESIDENT OF THE FEDERATION OF BLOCK UNITS, AN ORGANIZATION WHOSE PURPOSE IS TO PROMOTE NEIGHBORHOOD INVOLVEMENT TO FIGHT CRIME IN GENERAL AND BURGLARY IN PARTICULAR, AND INTIALLY [sic] ON VOIR DIRE SLATEN EQUIVOCATED AS TO WHETHER HE COULD BE FAIR AND IMPARTIAL, ALL OF WHICH ESTABLISHES THAT HE COULD NOT BE A FAIR AND IMPARTIAL JUROR IN THIS CASE WHICH CHARGED STEALING AND BURGLARY IN A RESIDENTIAL NEIGHBORHOOD.

Defendant argues he was prejudiced by the failure of the trial court to grant the motion to strike because he was forced to use one of his peremptory challenges to strike Slaten from the panel and therefore, was unable to use that peremptory challenge to strike another juror.

■■■ "An accused is entitled to a full panel of qualified jurors before he is required to expend his peremptory challenges." *State v. Edwards*, 740 S.W.2d 237, 238 (Mo.App.1987). To qualify as a juror, the venireman must be free of bias and prejudice. *State v. Walton*, 796 S.W.2d 374, 377 (Mo. banc 1990). When a venireman equivocates regarding his ability to be fair and impartial, the trial court has a duty to make independent inquiry. *Id.* Here the trial court was not required to initiate an independent inquiry because Slaten indicated unequivocally to both parties that he could be a fair and impartial juror.

■ Slaten's participation in organizations or activities whose purpose is to prevent crime may suggest a possibility of bias; however, this participation does not indicate Slaten was unable to serve as a fair and impartial juror, notwithstanding his responses during voir dire. "[W]here an answer to a question suggests a possibility of bias and upon further questioning, the venireman gives unequivocal assurances of impartiality, the bare possibility of prejudice will not disqualify the juror or deprive the trial judge of discretion to seat the venireman." *Id.* Such is the case here. It is not clearly apparent from the record that Slaten was in fact prejudiced. *See Id.*

We will not disturb the trial court's ruling on a challenge for cause in the absence of a clear abuse of the trial court's wide discretion in determining the qualifications of members of the venire and of a real probability of injury to the complaining party. *Id.* Furthermore, we defer to the trial court's superior advantage to determine a venireperson's ability to impartially follow the law and resolve doubts regarding the trial court's findings in its favor. *Id.* at 378.

Nothing in the record would support a finding Slaten formed an opinion concerning defendant's guilt or innocence as an accused person. To the contrary, Slaten asserted he could hear evidence of a breaking into a home and consider the possibility the accused may be innocent. In addition, to conclude that Slaten's affiliation with organizations whose interests include the prevention of home burglaries is prejudicial, in spite of Slaten's unequivocal responses during voir dire, requires us to engage in assumptions not supported by any facts. Accordingly, we find no abuse of trial court discretion. Defendant's complaint is answered by Slaten's assurances of impartiality.

We affirm.

PUDLOWSKI, P.J., and GRIMM, J., concur.